IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 16, 2022

## ADAM J. ROTHBERG v. FRIDRICH & ASSOCIATES INSURANCE AGENCY, INC. ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 15C3198  Kelvin D. Jones, Judge**

_____

**No. M2022-00795-COA-T10B-CV**

_____

This is an expedited appeal pursuant to Tennessee Supreme Court Rule 10B. Based on the Appellant's failure to comply with the requirements of Rule 10B, we dismiss the appeal.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right; Appeal Dismissed**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and ANDY D. BENNETT, J., joined.

Neil M. McIntire, Nashville, Tennessee, for the appellant, Adam J. Rothberg.

## OPINION

In this accelerated interlocutory appeal filed pursuant to Tennessee Supreme Court Rule 10B, we are asked to review the propriety of the trial court's denial of Appellant Adam Rothberg's motion to disqualify the trial court judge. We proceed to address the appeal summarily based on Mr. Rothberg's submissions alone and without oral argument. *See* Tenn. Sup. Ct. R. 10B, § 2.05 (providing that the appellate court may act summarily on the appeal if it determines that no answer is needed); Tenn. Sup. Ct. R. 10B, § 2.06 (providing that the accelerated interlocutory appeal shall be decided on an expedited basis and, in the court's discretion, without oral argument).

Mr. Rothberg's motion appears to have been filed on June 10, 2022, mere days before the scheduled commencement of trial on June 21, 2022. According to the order included in Mr. Rothberg's appellate submissions, the trial court determined that Mr. Rothberg filed the motion for the purpose of delaying trial. Whereas the trial court also noted that Mr. Rothberg complained about several past rulings as indicative of alleged judicial bias, the court referenced well-settled case law that "adverse rulings, 'even if erroneous, numerous and continuous, do not, without more, justify disqualification.'" *See*

*Alley v. State*, 882 S.W.2d 810, 821 (Tenn. Crim. App. 1994).[1]

Inasmuch as Mr. Rothberg is pursuing accelerated interlocutory review under Rule 10B, he is subject to the Rule's requirements. Regarding the contents of a petition for recusal appeal, Rule 10B specifies in pertinent part as follows: "The petition shall be accompanied by a copy of the motion and all supporting documents filed in the trial court, a copy of the trial court's order or opinion ruling on the motion, and a copy of any other parts of the trial court record necessary for determination of the appeal." Tenn. Sup. Ct. R. 10B, § 2.03. Here, Mr. Rothberg's appellate submissions are lacking in several respects. First, we observe that the proffered recusal motion, along with certain other documents supposedly filed with the trial court, are not file-stamped copies.[2] We have raised this issue in past decisions and cautioned litigants and the bar about the concern such omissions generate. For example, in one decision, we stated as follows:

> In expedited interlocutory appeals under Rule 10B, the only record the appellate court generally has is the record provided by the appellant with his or her petition. *Trigg v. Trigg*, No. E2016-00695-COA-T10B-CV, 2016 WL 1730211, at *2 (Tenn. Ct. App. Apr. 27, 2016). Rule 10B requires the appellant's petition to "be accompanied by a copy of the motion and all supporting documents filed in the trial court, a copy of the trial court's order or opinion ruling on the motion, and a copy of any other parts of the trial court record necessary for determination of the appeal." Tenn. Sup. Ct. R. 10B, § 2.03.

> We note that the recusal motion and several other documents Mother provided to this Court on appeal are not file-stamped copies. As such, we cannot conclusively determine that the copies provided by Mother as part of the record for our review are copies of the actual documents filed by Mother in the trial court. Without the trial court clerk's file stamp, we simply cannot be certain. For purposes of our decision, however, we have treated the documents submitted by Mother as copies of the documents filed in the trial court. *See Elliott v. Elliott*, No. E2012-02448-COA-10B-CV, 2012 WL

---

[1] Although herein we dismiss this appeal for Mr. Rothberg's failure to comply with Rule 10B, we note that, according to his petition, he learned of certain information (which he now essentially points to as the source of the trial judge's alleged bias) in "mid- to late May 2022." He went on to address matters with the trial court, however, without filing a motion for recusal. Indeed, according to his petition, it was not until after several subsequent adverse rulings that Mr. Rothberg brought up the recusal issue. According to his affidavit, his concerns had previously "deepened" upon his discovery of information in May 2022, but he had nonetheless remained "optimistic" he could get a fair and impartial ruling.

[2] Interestingly, Mr. Rothberg provided filed-stamped copies of certain pleadings filed in the trial court by way of a supplemental submission in this Court. The scope of this supplemental submission did not, however, embrace the filings previously tendered, and as it is, the filings directly related to the recusal motion that were submitted to us, such as Mr. Rothberg's motion itself, are not file-stamped copies.

5990268, at *3 n.1 (Tenn. Ct. App. Nov. 30, 2012) (doing the same). However, litigants should be cautioned that we may not proceed in the same manner in the future.

*Smith v. Daniel*, No. M2019-02083-COA-T10B-CV, 2019 WL 6825976, at *1 n.1 (Tenn. Ct. App. Dec. 13, 2019).

The failure to submit file-stamped copies of the recusal filings has left us in the position of being unable to ascertain whether certain documents, as submitted to this Court, were actually filed in the trial court in the same form and manner. This, no doubt, frustrates appellate review efforts and in determining whether the trial court committed error in ruling on what was actually before it. Our Rule 10B jurisprudence has emphasized how it "is imperative that litigants file their petitions for recusal appeal in compliance with the *mandatory requirements* of Rule 10B in the first instance." *Johnston v. Johnston*, No. E2015-00213-COA-T10B-CV, 2015 WL 739606, at *2 (Tenn. Ct. App. Feb. 20, 2015) (emphasis added). Indeed, as a result of the accelerated nature of these appeals, "meticulous compliance" with Rule 10B is required regarding the content of the record provided on appeal. *Id.*

Even assuming *arguendo* that we were potentially inclined to overlook this deficiency, as we have on occasion in the past, Mr. Rothberg's appellate submissions are deficient in another respect. Indeed, littered throughout the purported trial court filings that are included, as well as in the petition for recusal appeal itself, are citation references to other trial court filings that are *not* included among Mr. Rothberg's appellate submissions. Although Mr. Rothberg specifically directs our attention to these filings in partial support of his request for relief, employing a number of "See" and "see also" calls, it is important to stress that, in the context of an accelerated interlocutory appeal under Rule 10B, we cannot physically see something that is not provided in connection with the initiating petition. Again, as noted earlier, "[i]n expedited interlocutory appeals under Rule 10B, the only record the appellate court generally has is the record provided by the appellant with his or her petition." *Smith*, 2019 WL 6825976, at *1 n.1.[3] Given Mr. Rothberg's failures to comply with Rule 10B, we dismiss the appeal.

s/ Arnold B. Goldin
ARNOLD B. GOLDIN, JUDGE

---

[3] Mr. Rothberg apparently felt that he did not need to attach these other filings and instead noted that the filings were "available in the Trial Court's file." Based on our discussion herein, it should be clear that we do not find favor in this explanation and statement. Mr. Rothberg's overall position on appeal obviously does not "exclusively" stem from these omitted filings (which appears to be an additional explanation on his part for their present omission), but he clearly relies on them throughout for support, as well as context (and did so before the trial court), hence the multiple "See" and "see also" references. Moreover, the fact that these other filings may exist in the trial court record does not enable us to review them in connection with the appeal if they are not provided to us.